IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REBECCA SANCHEZ, as parent and
next friend of minor child, L.S,**

      **Plaintiff,**

vs.                                                                               **No. CIV 04-0134 RB/RLP**

**ARTHUR R. BROKOP,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment (Doc. 6), filed on March 22, 2004. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, I find that Defendant is not entitled to qualified immunity and that the motion should be denied on the merits.

**I.  Background.**

Plaintiff (Sanchez) is the parent of L.S., a girl who is now eight years old. (Compl. ¶ 2.) In May 2000, Defendant (Brokop) began volunteering at Apache Elementary School in the Farmington Municipal School District. (Compl. ¶ 5.) At the time, Brokop was about twenty years old. *Id.*

In the 2001-2002 school year, L.S. was a first grade student at Esperanza Elementary School Farmington Municipal School District. (Compl. ¶ 4.) In May 2002, Brokop was assigned as a substitute teacher for L.S.'s class. (Compl. ¶ 6.) Neither Sanchez nor L.S. knew Brokop before meeting him as a teacher at Farmington Municipal Schools. (Compl. ¶ 11.) On May 8, 2002, Brokop sexually molested L.S. and two other six-year-old female students while the class was watching a video. (Compl. ¶¶ 8; 11.) Brokop did not allow the girls to leave the classroom, but the girls

reported the abuse immediately. (*Id*.) As a result of the incident, L.S. suffered severe physical and psychological injuries and emotional distress and Sanchez suffered severe emotional distress. (Compl. ¶ 12.)

On May 15, 2002, Brokop told an investigating detective that the school district had removed him from the substitute teacher list. (Compl. ¶ 9.) On May 30, 2002, the school district personnel director reported that a teacher's aid at Apache Elementary School had reported that he saw Brokop inappropriately touching female students in October 2001. (Compl. ¶ 15.) Brokop was prosecuted for molesting L.S. (Compl. ¶ 16.) On November 26, 2002, Brokop pleaded guilty to criminal sexual contact of a minor and sentenced to a term of incarceration. (*Id*.)

On February 6, 2004, Sanchez filed her civil Complaint against Brokop in this Court, alleging a 42 U.S.C. § 1983 claim for deprivation of L.S.'s right to due process and equal protection. (Compl. ¶¶ 22-32.) Sanchez requests compensatory and punitive damages, as well as attorney fees and costs. (Compl. ¶¶ 33; 35.)

Sanchez has moved for summary judgment on the grounds that Brokop's conduct violated due process and equal protection and Brokop is not entitled to qualified immunity. Brokop argues that the motion is unsupported and Sanchez is not entitled to summary judgment. Although he raised qualified immunity in his answer, Brokop does not address the defense in his response. Sanchez replies that no material facts are in dispute, collateral estoppel bars re-litigation of the claim, and she is entitled to summary judgment.

**II.     Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to

any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.   Discussion.**

**A.   Whether Brokop is entitled to qualified immunity.**

A government official is entitled to qualified immunity from civil damages when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To reach the question of whether a defendant is entitled to qualified immunity, the court must first ascertain whether "[t]aken

3

in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the court finds that a favorable view of the facts alleged establishes a violation of a constitutional right, the next step is to ask whether the right was clearly established at the time of the defendant's alleged unlawful conduct. *Id.*

Sexual assault or molestation by a school teacher violates students' substantive due process rights. *Abeyta v. Chama Valley Indep. Sch. Dist.*, 77 F.3d 1253, 1255 (10th Cir. 1996). School children have a right to be free from sexual harassment by their teachers. *Sh.A. ex rel. J.A. v. Tucumcari Municipal Schs.*, 321 F.3d 1285, 1288 (10th Cir. 2003). Students who are sexually abused by teachers may seek redress through an equal protection claim brought under §1983. *Id.* Sanchez has alleged that Brokop molested L.S. in the classroom while he was acting as her teacher. (Compl. ¶¶ 8-11.) Construed in the light most favorable to Sanchez, these allegations are sufficient to state a §1983 claim for violation of L.S.'s rights to due process and equal protection.

The next step in the qualified immunity analysis is whether the right was clearly established at the time of the individual defendants' alleged unlawful conduct. *Saucier*, 533 U.S. at 201. The Supreme Court has emphasized:

> For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.

*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal quotation marks and citations omitted).

The right of school children to be free from sexual harassment was clearly established in May of 2000. *Abeyta*, 77 F.3d at 1255; *Johnson v. Martin*, 195 F.3d 1208, 1217-18 (10th Cir. 1999) A

reasonable teacher would understand that molesting a child in his class would violate that child's due process and equal protection rights. Brokop is not entitled to qualified immunity.

**B.      Whether Sanchez in entitled to summary judgment on the merits.**

Sanchez asserts only a 42 U.S.C. §1983 claim against Brokop. Section 1983 creates no substantive rights. *Ramirez v. Department of Corrections*, 222 F.3d 1238, 1243 (10th Cir. 2000). A plaintiff may maintain a §1983 action only if she was deprived of a specific right secured by the Constitution or laws of the United States. *Id.* Sanchez argues that she is entitled to summary judgment because Brokop pleaded guilty to molesting L.S.

The Due Process Clause does not transform every tort committed by a state actor into a constitutional violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998). To prevail on a substantive due process claim, a plaintiff must show an abuse of power that "shocks the contemporary conscience." *Lewis*, 523 U.S. at 847. Discriminatory intent is an element of an equal protection claim under § 1983. *Batson v. Kentucky*, 476 U.S. 79, 93 (1986); *Welch v. City of Tulsa*, 977 F.2d 1415, 1419-20 (10th Cir. 1992). The fact that Brokop pleaded guilty to criminal sexual contact of a minor does not necessarily establish that his conduct shocks the contemporary conscience or that he acted with discriminatory intent.

Sanchez has submitted no evidence establishing that Brokop deprived L.S. of her constitutional due process or equal protection rights. Although it is undisputed that Brokop pleaded guilty to criminal sexual contact of a minor, the guilty plea does not establish the elements of the constitutional claims. Sanchez has not met the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes*, 398 U.S. at 157. As the record now stands, genuine issues of material fact preclude summary judgment.

**WHEREFORE,**

      **IT IS ORDERED** that Defendant is not entitled to qualified immunity.

      **IT IS FURTHER ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. 6), filed on March 22, 2004, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**