IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 1 2 2005

MATTHEW J. DYKMAN

**REBECCA SANCHEZ, as parent and
next friend of minor child, L.S,**

          **Plaintiff,**

vs.

No. CIV 04-0134 RB/RLP

**ARTHUR R. BROKOP,**

          **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Enforce Stipulation to Jury Trial (Doc. 67), filed on March 24, 2005. Jurisdiction arises under 28 U.S.C. § 1331. Having reviewed the submissions of the parties and the relevant law, I find that a jury trial should be granted pursuant to FED. R. CIV. P. 39(b).

Plaintiff ("Sanchez") is the parent of L.S., a girl who is now nine years old. (Compl. ¶ 2.) In the 2001-2002 school year, L.S. was a first grade student at Esperanza Elementary School Farmington Municipal School District. (Compl. ¶ 4.) In May 2002, Defendant ("Brokop") was assigned as a substitute teacher for L.S.'s class. (Compl. ¶ 6.) On May 8, 2002, Brokop sexually molested L.S., and two other six-year-old female students while the class was watching a video. (Compl. ¶¶ 8; 11.) Brokop did not allow the girls to leave the classroom, but the girls reported the abuse immediately. (*Id.*) As a result of the incident, L.S. suffered severe physical and psychological injuries and emotional distress and Sanchez suffered severe emotional distress. (Compl. ¶ 12.) Brokop was prosecuted for molesting L.S. (Compl. ¶ 16.) On November 26, 2002, Brokop pleaded guilty to criminal sexual contact of a minor and sentenced to a term of incarceration. (*Id.*)

On February 6, 2004, Sanchez filed a civil complaint against Brokop in this Court, alleging a 42 U.S.C. § 1983 claim for deprivation of L.S.'s rights to due process and equal protection. (Compl. ¶¶ 22-32.) Sanchez requests compensatory and punitive damages, as well as attorney fees and costs. (Compl. ¶¶ 33; 35.)

The complaint did not contain a jury demand, and neither party filed a jury demand pursuant to FED. R. CIV. P. 38(b). However, the matter was designated for a jury trial in the Initial Pretrial Report ("IPTR"), which was signed by counsel and the Court. Counsel for Sanchez assumed that the case would be tried to a jury. Defense counsel states that he overlooked the portion of the IPTR designating the case for a jury trial and prepared the case as if it would be tried to the bench. Sanchez does not contend that she complied with the requirements of Rule 38(b); she requests that I exercise my discretion and grant a jury trial pursuant to FED. R. CIV. P. 39(b).

Rule 39(b) affords the district court discretion, upon motion, to grant a jury trial even where the demand is untimely, or where there is no demand at all. FED. R. CIV. P. 39(b). This is a broad grant of discretion. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980). When exercising its discretion under Rule 39(b), the district court should grant a jury trial unless the party opposing the motion presents strong and compelling reasons to the contrary. *Nissan Motor Corp. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992); *AMF Tuboscope, Inc. v. Cunningham*, 352 F.2d 150, 155 (10th Cir. 1965). Sanchez prepared the case as if a jury had been demanded. Brokop assumed that case would be tried to the bench. The parties do not dispute that the issues in this case are such that Sanchez could have demanded a jury trial as of right had Sanchez complied with the requirements of Rule 38.

The Honorable James A. Parker, United States District Judge, was faced with a similar

2

situation in *Bates v. Bd. of Regents of Northern New Mexico Comm. College*, 112 F.R.D. 586 (D. N.M. 1987). In *Bates*, the plaintiff had indicated on the civil cover sheet that a jury was demanded, but neglected to comply with Rule 38(b). *Id.*, 112 F.R.D. at 587. The parties proceeded through discovery with the assumption that the case would be tried to a jury. *Id.* The pretrial order indicated that the case would be tried to a jury by setting a deadline for submission of jury instructions. *Id.* The problem was discovered when the clerk set the case on a non-jury docket. Judge Parker observed that the Tenth Circuit's approach differs from that of courts imposing a strict construction of the waiver provision of Rule 38 and circumscribing the discretion afforded by Rule 39(b). Finding that the defendants would not be prejudiced because all parties had prepared the case as if it would be tried to a jury, Judge Parker granted the plaintiff's motion for a jury trial pursuant to Rule 39(b).

The instant case differs from *Bates* in that defense counsel assumed that the case would be tried to a judge. Defense counsel states that Brokop would be prejudiced by a jury trial because counsel would have disclosed his expert economist instead of using the opinion only for his own edification and evaluation of the case. Any prejudice to Brokop can be ameliorated by a limited reopening of discovery to allow disclosure of defense experts and discovery on damages for a period not to exceed ninety days. If defense counsel wishes to reopen discovery for such limited purposes, he should file the appropriate motion for consideration by the Honorable Richard L. Puglisi, United States Magistrate Judge, within ten days from the date of entry of this Memorandum Opinion and Order.

3

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Enforce Stipulation to Jury Trial (Doc. 67), filed on March 24, 2005, is **GRANTED** pursuant to Rule 39(b).

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**