IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REBECCA SANCHEZ, as parent
and guardian of minor child L.S.,**

    **Plaintiff,**

vs.                                                    **NO.  CIV. 04-134 RB/RLP**

**ARTHUR R. BROKOP,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on United States Magistrate Judge Richard L. Puglisi's November 12, 2004 discovery order, which granted Plaintiff's ("Ms. Sanchez") motion to compel answers to requests for production number 5. (Doc. No. 42.) In response, Defendant ("Mr. Brokop") moved to stay the order and also objected under Rule 72. (Doc. No. 52.) Alternatively, Mr. Brokop asked that the Court protect his medical records with an *in camera* inspection. (Doc. No. 44.) The Court has inspected the medical records. For the following reasons, the Court will **SUSTAIN** Mr. Brokop's Rule 72 objection and prevent the disclosure of the notes from his prison therapy sessions.

**I. Background.**

Judge Puglisi's order required the disclosure of records from sex offender counseling sessions Mr. Brokop has participated in during his incarceration in Hobbs and Santa Fe. (Pl's. Resp. to Def's. Rule 72 Objection.) Mr. Brokop objected to Judge Puglisi's order because he contends that  i) the psychotherapist privilege applies; and ii) his medical condition is not in issue,

so Plaintiff's request for disclosure is beyond the scope of discovery. (Doc. No. 44.) On March 31, 2005, the Court ordered Mr. Brokop to submit the notes from the therapy sessions he has attended since being incarcerated for *in camera* review. (Doc. No. 74.)

**A. Mr. Brokop's motion to stay.**

In *L.D. Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994), this Court stated that: "Fed. R. Civ. P. 72(a), governing a magistrate's determination of nondispositive pretrial matters such as discovery, provides that a party aggrieved by a magistrate's order has ten days to serve and file objections." Judge Puglisi issued his order granting Ms. Sanchez's motion to compel on November 12, 2004. Mr. Brokop filed his Rule 72 objection on November 22, 2004, within the ten day limit. (Doc. No. 44.)

In this district a magistrate judge's discovery ruling is not automatically stayed pending the Court's ruling on a party's Rule 72 objections. *See L.D. Williams*, 165 B.R. at 673*; Nat'l Excess Ins. Co. v. Civerolo, Hansen, & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991). The District of New Mexico's Local Civil Rule 37.3 provides that: "A party's duty to comply with a discovery order is not stayed by filing an appeal from or objection to the order, unless otherwise ordered."

Mr. Brokop's Rule 72 objection, therefore, did not excuse him from turning over the documents he was ordered to produce by Judge Puglisi. Mr. Brokop did not file a motion to stay Judge Puglisi's order until December 23, 2004, more than a month after Judge Puglisi issued his order. (Doc. No. 52.) Mr. Brokop's motion to stay Judge Puglisi's order, therefore, is DENIED. Because the Court will rule on Mr. Brokop's Rule 72 objection in this opinion, however, the motion to stay is effectively moot.

**B. Standard of review.**

A reviewing court must defer to the magistrate's discovery ruling unless it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). The clearly erroneous standard for a magistrate's order under Rule 72 is "intended to give the magistrate a free hand in managing discovery issues." *Weetoky v. United States*, 30 F. Supp.2d 1343, 1343 (D.N.M. 1998). The Court, therefore, "must affirm the magistrate unless, after reviewing all of the evidence, it is 'left with the definite and firm conviction that a mistake has been committed.'" *Id.* at 1344 (internal citations omitted).

**C. Ms. Sanchez's arguments.**

Ms. Sanchez contends that Judge Puglisi's order that granted her motion to compel was proper under Federal Rule of Civil Procedure 26(b)(1). Rule 26(b)(1) provides that, in general, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." (emphasis added). Ms. Sanchez asserts that the psychotherapist privilege does not apply to a defendant in state custody, participating in group sex offender therapy with other inmates, so that disclosure is proper under Rule 26.

In addition, Ms. Sanchez argues that Mr. Brokop's prison medical records are relevant to her claim for punitive damages. She contends that Mr. Brokop will testify that he has gained insight into the molestation of L.S. from the therapy sessions and that disclosure of the records could impeach his assertion that he will not re-offend. Since punitive damages seek to deter future wrongful conduct, Ms. Sanchez needs the medical records to establish that Mr. Brokop still harbors sexual feelings for young girls. *See, e.g., Pac. Mut. Life Ins. Co. v. Haslip*, 111 S.Ct. 1032, 1045-46 (1991); *Nieto v. Kapoor* 268 F.3d 1208, 1222 (10th Cir. 2001) (holding that

"[u]nder federal law in a section 1983 action, a finding of punitive damages requires that the defendant's conduct 'is shown to be motivated by evil motive or intent,' or 'involves reckless or callous indifference to the federally protected rights of others.'")

## II. Analysis.

### A. The federal psychotherapist privilege.

The Supreme Court outlined the federal psychotherapist privilege in *Jaffee v. Redmond, et al.*, 518 U.S. 1 (1996). The Supreme Court reasoned that the psychotherapist-patient privilege protected the private interest of confidential communication between patient and therapist and the public interest in promoting the "mental health of our citizenry." *Id.* at 11. Furthermore, the Tenth Circuit has ruled that the holding in *Jaffee* "is that the privilege is not rooted in any constitutional right of privacy but in a public good which overrides the quest for relevant evidence; the privilege is not subject to a 'balancing component' . . . and it covers confidential communications to licensed psychiatrists, psychologists, and clinical social workers whose . . . 'counseling sessions serve the same public goals.'" *United States v. Glass, II*, 133 F.3d 1356, 1358-59 (10th Cir. 1998) (internal citations omitted).

While outlining the privilege in the context of a Section 1983 suit, the Supreme Court found it "neither necessary nor feasible to delineate its full contours in a way that would 'govern all conceivable future questions in this area.'" *Id.* at 18. The Court must instead determine the scope of the privilege on a "case-by-case basis." *Id.* The Court, therefore, must determine if the psychotherapist-patient privilege applies in this case.

The Supreme Court reasoned the federal courts should "recognize a psychotherapist privilege under Rule 501" because "all 50 states and the District of Columbia have enacted into

law some form of psychotherapist privilege." *Jaffee*, 518 U.S. at 12.[1]  In evaluating the benefits of enforcing the privilege against the need to obtain crucial evidence, the Supreme Court explained:

> In contrast to the significant public and private interests supporting recognition of the privilege, the likely evidentiary benefit that would result from the denial of the privilege is modest.  If the privilege were rejected, confidential conversations between psychotherapists and their patients would surely be chilled, particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation.  Without a privilege, much of the desirable evidence to which litigants such as petitioner seek access--for example, admissions against interest by a party--is unlikely to come into being.  This unspoken 'evidence' will therefore serve no greater truth-seeking function than if it had been spoken and privileged.  *Id.* at 11-12.

If the privilege did not apply to Mr. Brokop's prison therapy sessions, there would be no incentive for him to seek counseling because Ms. Sanchez and anyone else could use what he said during the sessions against him in a civil suit.  The Court should encourage people like Mr. Brokop to participate in therapy in the hopes that it will deter him from abusing other children in the future.  If communications between inmates and therapists are not privileged, the emotional progress of such inmates "would surely be chilled." *Id.*  Therefore, the privilege appears to apply in this case.

---

[1]New Mexico's psychotherapist-patient privilege, for example, provides that "[a] patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purposes of diagnoses or treatment of the patient's physical, mental or emotional condition . . . among the patient, the patient's physician or psychotherapist, or persons who are participating in the diagnosis or treatment under the direction of the physician or psychotherapist, including members of the patient's family." *Lara v. City of Albuquerque*, 126 N.M. 455, 458 (N.M. Ct. App. 1998) (citing Rule 11-504(B) N.M.R.A. 1998).

**B. Rule 26.**

Even if the psychotherapist-patient privilege does not apply in this context, the notes from Mr. Brokop's prison therapy sessions go beyond the scope of discovery. Having reviewed the notes, I find that they are not "relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). The only issue at trial is damages and the prison therapy notes add nothing in determining the proper amount of damages.

**III. Conclusion.**

The Court, therefore, **DENIES** Mr. Brokop's motion to stay Judge Puglisi's order but **SUSTAINS** his Rule 72 objection.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**