IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**REBECCA SANCHEZ, as parent and guardian of
minor child L.S.,**

      **Plaintiff,**

vs.                                                                  No. CV 04-0134 LCS/RLP

**ARTHUR R. BROKOP,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS [Docket No. 121] and MOTION TO COMPEL [Docket No. 109]

This matter comes before the Court on Defendant's Motion for Sanctions. This Order also disposes of any remaining issues raised in Plaintiff's Motion to Compel Discovery.

Defendant contends that Plaintiff failed to provide updated mental health treatment records of minor child L.S. in a timely manner, and that this conduct has prevented him from being able to undertake discovery relevant to issues identified in those records. Defendant seeks one of several remedies: Dismissal of Plaintiff's case; dismissal of Plaintiff's claim for emotional distress damages, limitation of Plaintiff's emotional distress damages to past damages only, or additional discovery to be conducted at Plaintiff's expense.

### Chronology of the Dispute

Defendant deposed Kathleen Miller, L.S.'s therapist, on December 1, 2004. At that time counsel received a complete copy of L.S.'s treatment records. On or about March 23, 2005, Defendant's counsel contacted Ms. Miller and requested a copy of her treatment notes from

December 1, 2004 to the present. This request was made seven weeks following the close of discovery. (See Docket No. 48). Ms. Miller refused to provide those records, citing an unpaid bill for her time preparing for and giving a deposition scheduled by Defendant, and a policy change later identified as compliance with HIPA regulations. Defendant then served Ms. Miller with a subpoena for the records. Following receipt of the subpoena, Ms. Miller retained independent counsel to advise Defendant of her refusal to provide the records, and her reasons therefor. (Affidavit Douglas Moeller, attached to Docket No. 129). Ms. Miller discussed the request for records with Plaintiff's Counsel on March 31, 2005.[1]

In an Order dated April 12, 2005, Judge Brack advised Defendant he could move to reopen discovery in order to identify experts and conduct discovery on damages. (Docket No. 80). Defendant filed a Motion to Reopen Discovery on April 22, 2005, seeking leave, among other things, to subpoena Ms. Miller's treatment records. (Docket No. 91). On April 27, 2005, Plaintiff produced some updated treatment records in response to this Motion. (Docket No. 95; Docket No. 121 ¶ 11; Docket No. 129 ¶ 7). Plaintiff's counsel states that she contemporaneously produced all the records which were provided to her by Ms. Miller. (Docket No. 129, Affidavit of Shannon Oliver, ¶7). The records produced were incomplete and there appears to have been some attempt to edit the information provided at that time. On April 29, 2005, this court ordered that Defendant be provided

---

[1] Defendant argues that although not noted in Ms. Miller's notes of this conversation, Ms. Miller and Plaintiff's counsel "most likely discussed new developments in L.S.' life which undoubtedly have an impact on her claims in this case." (Docket No. 121, ¶ 7). In response to this argument, Plaintiff's counsel filed an affidavit stating that during her conversation with Ms. Miller, Ms. Miller was concerned about the unpaid bill and whether the current release on file complies with the therapy center's new HIPAA policy (Health in Patient Privacy Act). Plaintiff's counsel states that she advised Ms. Miller that she needed up-dated medical records release to provide to Defendant prior to trial and that she would provide any release Ms. Miller and her attorney deemed appropriate. (Docket No. 129, Affidavit of Shannon Oliver, ¶¶ 5-6).

with a complete copy of L.S.'s treatment records, urging the parties to provide and accept the records without court intervention, and stating that it would entertain a motion to take the deposition of the records custodian as of May 10, 2005, if authenticity was not agreed to. (Docket No. 98). On May 10, 2005, Defendant filed a Motion to Compel production of the records, and to take the records custodian deposition. (Docket No. 109). The complete treatment records were provided on May 24, 2005. (Docket No. 121 ¶ 14; Docket No. 129, p. 3-4). As of that date, the bill for Ms. Miller's deposition and deposition preparation time apparently remained unpaid. (Invoices dated May 23 and May 24, 2005, contained in Ex. A to Docket No. 122).

On June 6, 2005, the Parties submitted a joint motion requesting that supplemental depositions of Plaintiff and Ms. Miller, and a forensic interview of L.S. by Defendant's expert psychologist be permitted as a partial remedy to the dispute over the disclosure of Ms. Miller's treatment records. (Docket No. 123). That Motion was granted the following day. (Docket No. 124).

Discussion

Defendant contends that Plaintiff violated the duty to supplement initial disclosures found in F.R.Civ.P. 26(e) by failing to provide in a more timely manner Ms. Miller's updated medical records. Rule 26(e) requires supplementation "at appropriate intervals" of initial disclosures previously required under Rule 26(a). The initial documentary disclosures required by F.R.Civ.P. 26 (a)(1)(B) pertain to "documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment."

I find that under the facts as presented, there has been no violation of the duty to supplement found in Rule 26(e). Defendant did not address his initial request for updated records to Plaintiff. Instead, he sought those records by direct communication with Ms. Miller. Accordingly, it is clear that Defendant did not consider Ms. Miller to be an expert retained or specially employed by Plaintiff. Defendant received the complete records two months after he requested them. Delay in production of those records was caused by two factors outside Plaintiff's control, Defendant's refusal to pay Ms. Miller for time expended in preparing for and given her deposition, and Ms. Miller's employer's HIPAA policy.

The court is concerned, however, about the April 27th production of incomplete treatment records. Discovery has been reopened to allow Defendant to redepose Ms. Miller, giving Defendant the opportunity to inquire as to the circumstances surrounding that production.

Plaintiff and Defendant agreed to reopen discovery to permit Defendant to redepose Ms. Miller and Plaintiff regarding the information contained in the updated treatment records, and to have Defendant's expert re-evaluate L.S. Their cooperation in this matter is commended. Defendant also asks that Plaintiff provide an additional report from her expert, Dr. Kliman, and that he be made available for deposition, if he reaches any new opinions based on the information contained in the updated treatment records. This request is reasonable, and combined with the additional discovery agreed to by the parties fulfills the purpose of Fed.R.Civ.P. 26(e), to prevent prejudice and surprise.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel [Docket No. 109] and Motion for Sanctions [Docket No. 121] are denied in part and granted on part. Plaintiff is ordered to provide an additional report from her expert, Dr. Kliman, and to make him available for

4

deposition on or before July 11, 2005, if he reaches any new opinions based on the information contained in the updated treatment records.  No costs are awarded in connection with these Motions.

                                                RICHARD L. PUGLISI
                                    UNITED STATES MAGISTRATE JUDGE