IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REBECCA SANCHEZ, as parent and
guardian of minor child, L.S.,**

      **Plaintiff,**

vs.                                    No. CIV 04-134 LCS/RLP

**ARTHUR R. BROKOP,**

      **Defendant.**

**ORDER AND FINDINGS ON DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S PROFFERED EXPERT TESTIMONY**

**THIS MATTER** comes before the Court on Defendant's Motion to Exclude the Testimony of Plaintiff's Expert, Dr. Shoop [Docket # 102] filed May 2, 2005, on Defendant's oral motion at the motion hearing on June 24, 2005, and on Defendant's letter of July 5, 2005 outlining specific objectionS to the proffered testimony. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motions and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Defendant's Motion should be **GRANTED IN PART**.

    **I.**    **Standard**

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact at issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if 1) the testimony is based upon sufficient facts or data, 2) the testimony is the product of reliable principles and methods, and 3) the witness has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702.

A district court has an obligation to ensure that any and all expert testimony or evidence admitted is not only relevant, but reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). This gatekeeper function requires the Court to assess the reasoning and methodology underlying the expert's opinion, and to determine whether it is both scientifically valid and applicable to a particular set of facts. *Id.* "[W]here expert testimony's factual basis, data, principles, methods, or their application are called sufficiently into question . . . the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003), *cert. denied*, 540 U.S. 1003 (2003) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)).

To be reliable under *Daubert*, an expert's scientific testimony must be based on scientific knowledge, which "implies a grounding in the methods and procedures of science" based on actual knowledge, not "subjective belief or unsupported speculation." *Id.* (quoting *Daubert*, 509 U.S. at 590). However, a party need not prove that the expert is undisputably correct or that the expert's theory is generally accepted in the scientific community. *Mitchell v. Gencorp, Inc.*, 165 F.3d 778, 781 (10th Cir. 1999). Instead, the party presenting the testimony has the burden to show that the method employed by the expert in reaching the proffered conclusion is scientifically sound and that the opinion is based on facts which satisfy Rule 702's reliability requirements. *Id.*

## II.     Motion to Strike Portions of Dr. Shoop's Testimony

Defendant raises a number of objections to Dr. Shoop's proffered testimony. Defendant moves to strike the following portions of that testimony:

A.     Testimony as Recitation of Literature

Defendant moves to strike pages 13-16 of the transcript as a mere recitation of the literature which is not specific to Plaintiff.  To be reliable under *Daubert* and its progeny, an expert's scientific testimony must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not subjective belief or unsupported speculation.  *Dodge*, 328 F.3d at 1222.

In evaluating the testimony contained in pages 13-16, I find that the opinion offered is not reliable in accordance with accepted methodology.  While the witness referred to a number of studies during his testimony, it is not clear from the record whether Dr. Shoop's opinions are based on any testing he has completed or upon his personal findings.  Further, the witness admitted that he had never met or examined L.S.  Because it is not clear that Dr. Shoop's testimony with regard to the literature is based on reliable principles and methods in accordance with FED. R. EVID. 702, I find that the testimony contained in pages 13-16 is not sufficiently reliable to put before the jury.  As such, Defendant's Motion with respect to pages 13-16 regarding recitation of the literature shall be **GRANTED**.

B.     Impact of Abuse on a First-Grade Student

Defendant next objects to the testimony contained in pages 15-16 of the hearing transcript, in which Dr. Shoop testified as to what the literature shows regarding the impact of teacher-student abuse on the school environment for a first-grader.  Defendant argues that such testimony should not be admitted because this testimony is not specific to the Plaintiff.  For the reasons outlined in Section A of this opinion, Defendant's Motion as to lines 15-16 shall be **GRANTED**.

C.      Cause of Plaintiff's Current School Difficulties

Defendant objects to testimony offered by Dr. Shoop on page 17 as to the cause of Plaintiff's current difficulties in school and with interpersonal relationships. Defendant argues that there is a lack of foundation for this opinion and that the methodology Dr. Shoop used to come to his conclusions is suspect.

Dr. Shoop possesses the training, education, and experience necessary to reach a conclusion about the cause of Plaintiff's school difficulties. There is a reliable basis for this testimony given Plaintiff's education and experience. *Dodge*, 328 F.3d at 1221. Further, such information is relevant and would reasonably assist the trier of fact in determining damages. Dr. Shoop will be allowed to testify as to his conclusions on the causes of Plaintiff's problems in school, **assuming the appropriate foundation is laid which ties these conclusions specifically to Plaintiff**. Defendant's Motion to strike the testimony contained on page 17 of the hearing transcript will therefore be **DENIED** assuming the appropriate foundation is in fact laid.

D.      Profiling of Sexual Predators

Finally, Defendant objects to the proffered testimony regarding the profiling of sexual predators in schools found pages 18-25 of the hearing transcript. Defendant argues that Dr. Shoop is not qualified to profile the Defendant and to describe his behavior. The methodology used by Dr. Shoop in rendering his opinions about the profiling of sexual predators is not apparent from the record. Further, it is not clear that Dr. Shoop possesses the training, education, or experience to render an opinion as to Defendant's psychological state.

Because I find that the witness's opinions on this topic do not comport with the requirements of *Daubert* and FED. R. EVID. 702, the witness will not be allowed to testify as to the

4

profiling of sexual predators and to his own profile of Defendant.  *See Kumho Tire*, 526 U.S. at 152 ("The purpose of the . . . inquiry is to make certain that an expert . . .employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.").  As such, Defendant's Motion with respect to the conclusions found on pages 18-25 of the transcript will be **GRANTED**.

    **IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**